UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**INSECO, INC.**,
a Florida corporation,

      Plaintiff,

      v.                            **CIVIL ACTION NO. 2:26-cv-02660**

**SHINGLE RX, LLC,** a Florida
limited liability company;
**DALE CHILDRESS, JR.**, an individual;
and, **MISTI CHILDRESS**, an individual,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff **INSECO, INC.** (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants **SHINGLE RX, LLC**, a Florida limited liability company, **DALE CHILDRESS, JR.**, an individual, and **MISTI CHILDRESS**, an individual (hereinafter singularly referred to as "Defendants" or "**SHINGLE RX**") for Federal Trademark Infringement, Federal Unfair Competition, Cyberpiracy, Federal False Designation of Origin and False Description, Federal False Advertising, Florida Unfair Competition, False Designation of Origin, and False Description, and Unjust Enrichment, and alleges the following:

## JURISDICTION

1.      This is a Complaint for Federal Trademark Infringement, Cyberpiracy, Federal Unfair Competition, Federal False Designation of Origin and False Description, Federal False Advertising, Florida Unfair Competition, False Designation of Origin, and False Description, and Unjust Enrichment.

2.      This Court has original jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a), 15 U.S.C. §1125, and the principles of pendent jurisdiction.

3.      The matter in controversy exceeds, exclusive of interest and costs, the sum of five million dollars ($5,000,000.00).

4.      Venue is proper in this judicial district, and in this division thereof, pursuant to 28 U.S.C. §§1391 and 1400(a) in that Plaintiff's claim arises in this district and division.

## PARTIES

5.      Plaintiff **INSECO, INC.**, is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at Fort Myers, Florida.

6.      Upon information and belief, Defendant **SHINGLE RX, LLC** is a Florida limited liability company having its principal place of business in Branford, Florida.

7.     Defendant **SHINGLE RX, LLC**, is a Florida limited liability company improperly transacting business in the State of Florida through, among other things, infringing acts.

8.     Upon information and belief, Defendant **SHINGLE RX, LLC** has committed the acts complained of herein in this District and division, and throughout the United States.

9.     Upon information and belief, Defendant **DALE CHILDRESS, JR.**, is an individual, and at all times material to the issues presented herein, was the principal of, as well as the conscious, active, and dominant force behind the illegal acts of the Defendants.

10.     Upon information and belief, Defendant **DALE CHILDRESS, JR.,** an individual, has committed the acts complained of herein in this District and division.

11.     Upon information and belief, Defendant **MISTI CHILDRESS**, is an individual, and at all times material to the issues presented herein, was the principal of, as well as the conscious, active, and dominant force behind the illegal acts of the Defendants.

12. Upon information and belief, Defendant **MISTI CHILDRESS,** an individual, has committed the acts complained of herein in this District and division.

## FACTUAL BACKGROUND

### Plaintiff and its Success in the Industry

13. Plaintiff **INSECO, INC.**, is a company manufacturing, distributing and otherwise providing to the trade and to the public, paint, sealants, finishes, wood treatments, roof treatments, and various other surface and substrate applications.

14. Plaintiff's products are recognized for exceeding quality and remarkable performance in their application.

15. The INSECO name, as well as the brand names owned by Plaintiff are well-known and recognized throughout the country to the relevant consuming public for Plaintiff's products.

16. Plaintiff's philosophy of providing the highest quality goods has made it a leader in the paint and sealant industry.

**<u>Plaintiff's Family of RX Marks</u>**

17.    Plaintiff is the owner of all right, title and interest in and to a family

of marks, all prominently featuring the RX term, such as, without limitation, as

those shown below:











18.    Plaintiff is the owner of all right, title, and interest in numerous marks, trademark registrations and applications containing the term "RX", and various iterations of same, all of which are fully valid, legally subsisting and exclusively owned by Plaintiff, including without limitation:

- WOOD RX, United States Trademark Registration No. 2068833 (a mark which also has achieved the status of <u>incontestable</u> pursuant to the Federal Trademark Act);
- WOODRX, United States Trademark Registration No. 6200805;
- SHINGLERX, United States Trademark Serial No. 99312528;
- SHINGLE RX, United States Trademark Serial No. 99312532;
- SHINGLELOCK, United States Trademark Serial No. 98553405;
- ROOF SEAL RX, United States Trademark Registration No. 8178541;
- ROOF RX, United States Trademark Registration No. 8178540;
- SEALRX, United States Trademark Registration No. 5683207 (a mark which also has achieved the status of <u>incontestable</u> pursuant to the Federal Trademark Act);
- SEALRX and design, United States Trademark Registration No. 6245612;
- SEALRX and design, United States Trademark Registration No. 6245613;

- SEALRX.COM, United States Trademark Registration No. 8170921
- PAVER SEAL RX, United States Trademark Registration No. 6200808;
- DECKRX, United States Trademark Registration No. 6200807;
- NPS RX, United States Trademark Registration No. 6244274;
- NPSRX, United States Trademark Registration No. 6200806,

among others (hereinafter "Plaintiff's "RX Family of Marks").

19.    Plaintiff's sealant treatments sold under the RX Family of Marks (the "RX Products") outperform the products of Plaintiff's competitors' in effectiveness, especially when applied in geographic areas which encounter harsh weather conditions, such as excessive heat and humidity, driving rains, intense sun and constant mold and mildew growth.

20.    The RX products lead the industry in ease of application and cleanup due to its technologically advanced, water-based, 100% acrylic formulation.

21.    The RX products last three to five times longer than other traditional sealant treatments in the industry.

22.    Plaintiff's goods have been widely advertised and extensively offered for sale under the RX Family of Marks throughout the United States and the RX Family of Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products, and its goodwill.

23.    The RX products are distributed throughout the United States and other markets.

24.    Plaintiff enjoys considerable success and an enviable reputation in its industry due in large part to its use of, and rights in, the RX Family of Marks, as well as the superior quality of the RX products.

25.    Plaintiff's success has also been the result of great investment and expenditure by Plaintiff to develop and protect its high quality product line.   As a result of Plaintiff's investment, the RX Family of Marks has become synonymous with high-quality sealants.

26.    The RX Family of Marks has been extensively and continuously advertised to the public through various modes.   By reason of such advertising, as well as the quality and performance of the product, the goodwill, reputation and brand identity in the RX Family of Marks, is paramount and highly valued by Plaintiff.

27.    Plaintiff and Defendant are direct competitors.

<u>ILLEGAL ACTS OF DEFENDANTS</u>

28.    The Defendants have engaged in the following illegal acts as detailed in the Counts of this Complaint below.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114, 1117)

Plaintiff's allegations set forth in paragraphs 1 through 28 above are incorporated as part of this Count I.

29.     Upon information and belief, Defendant **SHINGLE RX, LLC, DALE CHILDRESS, JR.**, and **MISTI CHILDRESS** have been regularly and actively engaged in the unauthorized, false, misleading, and deceiving use of its product under the name "SHINGLE RX" in direct contravention of Plaintiff's rights. Defendants use of the mark SHINGLE RX, for example, is shown below:





Page 10







(Defendants' infringing use)

30.     Defendants recently undertook new efforts aimed at use of an infringing mark, SHINGLE RX, including, but not limited to, via the website at **www.shinglerx.com** (hereinafter the "Infringing Domain"), as more fully set forth herein.

31.     The prominent and distinctive element of Plaintiff's Family of Marks "RX" is misappropriated into Defendants' unauthorized application **identically**.

32.     The **identical** term "RX" incorporated into the Defendant's infringing SHINGLE RX mark as advertised by Defendants in its competing product, is purported by Defendants to be used on virtually identical surfaces to those for which Plaintiff's branded RX products is applied, and is illegally applied by the Defendants in identical channels of trade to those of Plaintiff.

33.     The Defendant's trademark application specifically identifies that its goods are **"water-based roof coatings"**, exactly as are the Plaintiff's goods, among others.

34.     Defendant's false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

35.     The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

36.     By publishing, utilizing, and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's goods so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's goods.

37.     Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's goods, intended to and did trade on the goodwill associated with Plaintiff's goods and have misled and will continue to mislead the public into assuming that Plaintiff's goods are inferior to Defendants' goods.

38.     The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's goods, and constitutes utilizing false descriptions or representations in commerce.

39.     The unauthorized use of the false, misleading, and deceiving advertisement causes irreparable injury to Plaintiff, including injury to its business reputation and/or dilution of the distinctive quality of the Plaintiff's goods.

40.     Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its goods.

41. Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's goods or commercial activities.

42. Defendants' unlawful activity results in irreparable harm and injury to Plaintiff. Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's reputation.

43. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of 15 U.S.C. §1114 and 1117.

44. Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

45. Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

46. As a result, Plaintiff has suffered damages with interest.

47. Plaintiff has no adequate complete remedy at law.

## COUNT II

### FEDERAL UNFAIR COMPETITION
### (15.S.C. §1125(a))

Plaintiff's allegations set forth in paragraphs 1 through 28 above are incorporated as part of this Count II.

48.     Upon information and belief, Defendants **SHINGLE RX, LLC, DALE CHILDRESS, JR.**, and **MISTI CHILDRESS** have been regularly and actively engaged in the unauthorized, false, misleading, and deceiving use of its product under the name "SHINGLE RX" in direct contravention of Plaintiff's rights. Defendants use of the mark SHINGLE RX, for example, is shown below:





## Dealer Login



Copyright © 2025 Shingle RX | Powered by Lucky 7s Media

(Defendants' infringing use)

49.    Defendants recently undertook new efforts aimed at use of an infringing mark, SHINGLE RX, as more fully set forth herein.

Page 16

50.    The prominent and distinctive element of Plaintiff's RX Family of Marks "RX" is misappropriated into Defendants' unauthorized application **identically**.

51.    The **identical** term "RX" incorporated into the SHINGLE RX mark as advertised by Defendants in its competing product, is purported by Defendants to be used on virtually identical surfaces to those for which Plaintiff's branded RX products is applied, and is illegally applied by the Defendants in identical channels of trade to those of Plaintiff.

52.    The Defendant's trademark application specifically identifies that its goods are sealants, exactly as are the Plaintiff's goods, among others.

53.    Defendant's false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

54.    The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

55.    By publishing, utilizing, and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's goods so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's goods.

56.     Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's goods, intended to and did trade on the goodwill associated with Plaintiff's goods and have misled and will continue to mislead the public into assuming that Plaintiff's goods are inferior to Defendants' goods.

57.     The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's goods, and constitutes utilizing false descriptions or representations in commerce.

58.     The unauthorized use of the false, misleading, and deceiving advertisement causes irreparable injury to Plaintiff, including injury to its business reputation and/or dilution of the distinctive quality of the Plaintiff's goods.

59.     Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its goods.

60.     Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's goods or commercial activities.

61.     Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to

determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's reputation.

62. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of 15 U.S.C. §1125(a).

63. Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

64. Defendants' acts as alleged herein constitute unfair competition which is likely to cause confusion, mistake or deception in violation of 15 U.S.C.§1125(a), have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

65. As a result, Plaintiff has suffered damages with interest.

66. Plaintiff has no adequate complete remedy at law.

## COUNT III

## FEDERAL FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION
## (15 U.S.C. §1125(a)(1)(a))

Plaintiff's allegations set forth in paragraphs 1 through 28 above are incorporated as part of this Count III.

67.    Defendants have used and caused to be published the following advertisements:













68.    Defendants' acts as alleged herein, in violation of 15 U.S.C. §1125(a)(1)(a), have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

69.    As a result, Plaintiff has suffered damages with interest.

70.    Plaintiff has no adequate complete remedy at law.

## COUNT IV

## FEDERAL FALSE ADVERTISING
## (15 U.S.C. §1125(a)(1)(b))

Plaintiff's allegations set forth in paragraphs 1 through 28 above are incorporated as part of this Count IV.

71.    Defendants have used and caused to be published the following advertisements:



Page 23











72.     Defendants' acts as alleged herein, in violation of 15 U.S.C. §1125(a)(1)(b), have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

73.     As a result, Plaintiff has suffered damages with interest.

74.     Plaintiff has no adequate complete remedy at law.

## COUNT V

## CYBERPIRACY
### (15 U.S.C. § 1125 (d))

Plaintiff's allegations set forth in paragraphs 1 through 28 above are incorporated as part of this Count V.

75.    Defendants' registration and use of the Infringing Domain Name constitutes cyberpiracy, among the other wrongs referred to herein, and is a separate violation of the Lanham Act, 15 U.S.C. § 1125 (d).

76.    Upon information and belief, at all times material to the issues presented herein, Defendants **SHINGLE RX, LLC**, a Florida limited liability company, **DALE CHILDRESS, JR.**, an individual, and **MISTI CHILDRESS**, an individual, had actual, prior knowledge of Plaintiff, and Plaintiff's rights and extensive success in connection with Plaintiff's RX Family of Marks.

77.    The Infringing Domain Name is, for all intents and purposes, identical or confusingly similar to Plaintiff's RX Family of Marks.

78.    Defendants had the requisite intent to profit from Plaintiff's RX Family of Marks and willfully undertook the foregoing acts for commercial gain and with actual knowledge of or disregard for Plaintiff's rights, causing a diversion of internet users from Plaintiff to Defendants, a likelihood of confusion in the marketplace, including but not limited to initial interest confusion, and a resultant loss of business and other harm and damage to Plaintiff.

79.     Defendants' registration and use of the Infringing Domain Name, as alleged herein, has caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

80.      As a result, Plaintiff has suffered damages with interest.

81.     Plaintiff has no adequate, complete remedy at law.

## COUNT VI

### FLORIDA UNFAIR COMPETITION
### FALSE DESIGNATION OF ORIGIN
### FALSE DESCRIPTION

Plaintiff's allegations set forth in paragraphs 1 through 28 above are incorporated as part of this Count VI.

82.     Defendants have engaged in the transaction of business and the commission of tortious acts in Florida and are subject to the jurisdiction of this Court pursuant to Florida Statutes §495.131 et seq.

83.     Defendants' acts as alleged herein constitute unfair competition, a false designation of origin, a false and misleading description of fact or a false or misleading representation of fact, in violation of Florida law.

84.     Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

85.     As a result, Plaintiff has suffered damages with interest.

86.     Plaintiff has no adequate complete remedy at law.

Page 27

## COUNT VII

## UNJUST ENRICHMENT

Plaintiff's allegations set forth in paragraphs 1 through 28 above are incorporated as part of this Count VII.

87.    If Defendants are allowed to retain the benefits it has gained through the use of its Infringing Marks and/or the other acts set forth herein, without compensation to Plaintiff, Defendants will be unjustly enriched.

88.    Defendants' acts, as alleged herein have caused irreparable injury and damages to Plaintiff and unless restrained will continue to do so.

89.    As a result, Plaintiff has suffered irreparable harm and damages.

90.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff **INSECO, INC.**, demands judgment against Defendants including:

(A) a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

(i) from causing likelihood of confusion, or causing mistake, or to deceive as to the origin, sponsorship, or approval of Plaintiff's goods, and/or causing injury to business reputation, or dilution of the distinctiveness of the Plaintiff's goods;

(ii) from directly or indirectly using the false and misleading advertisements and/or promotional material which are likely to cause

confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

(iii) from utilizing the false and misleading advertisements in any shape or manner;

(iv) from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear unauthorized, false and misleading photographs and/or statements, and from otherwise unfairly competing in any way with Plaintiff;

(v) to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the unauthorized false and misleading material, including but not limited to, false and misleading photographs and/or statements;

(vi) to notify their direct customers, agents, and representatives that the herein-described advertisements do not accurately depict Plaintiff's RX products; and,

(vii) to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

(B) an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

(C) all monetary damages suffered by Plaintiff;

(D) an award of attorneys fees and costs pursuant to 15 U.S.C. §1117; and,

(E) such other and further interlocutory, equitable, monetary, and permanent relief as this Court may deem just and proper.

Respectfully submitted this 28th day of July, 2026, by:

*/s/ Thomas G. Coleman*
THOMAS G. COLEMAN
Florida Bar #93897
**COLEMAN & COLEMAN**
2080 McGregor Boulevard, Suite 202
Fort Myers, Florida 33901
(239) 332-5317 telephone
(239) 332-3557 fax
thomas@colemancoleman.com
service@colemancoleman.com
*Lead Counsel for Plaintiff, Inseco, Inc.*